**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CONCINNITAS, LLC, AND GEORGE W. HINDMAN**<br><br>    Plaintiffs,<br><br>    v.<br><br>**LG ELECTRONICS USA, INC.**<br><br>    Defendant. | **CIVIL ACTION NO. 2:14-cv-1049**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' ORIGINAL COMPLAINT

This is an action for patent infringement in which Concinnitas, LLC ("Concinnitas") and George W. Hindman (collectively "Plaintiffs") make the following allegations against LG Electronics USA, Inc. ("Defendant"):

### PARTIES

1. Concinnitas is a limited liability company formed under the laws of the State of Texas with a principle place of business located at 104 East Houston Street, Ste. 170A, Marshall, TX 75670 USA.

2. George W. Hindman is an individual residing in the State of Texas.

3. Defendant LG Electronics USA, Inc. ("LG Electronics") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Defendant can be served via its registered agent for service of process: United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,805,542**

7. On September 28, 2010, United States Patent No. 7,805,542 (the "'542 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Mobile United Attached in a Mobile Environment That Fully Restricts Access to Data Received via Wireless Signal to a Separate Computer in the Mobile Environment." A true and correct copy of the '542 patent is attached hereto as Exhibit A.

8. George W. Hindman is the inventor of the '542 patent and the owner by assignment.

9. Concinnitas is the exclusive licensee of the '542 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '542 patent against infringers, and to collect damages for all relevant times.

10. Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the LS990, VS985, LS620, VS880, LS740, and CS876) that infringe one or more claims of the '542 patent.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiffs request that the Court find in its favor and against Defendant, and that the Court grant Plaintiffs the following relief:

a. Judgment that one or more claims of the '542 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '542 patent;

c. Judgment that Defendant accounts for and pays to Plaintiffs all damages and costs incurred by Plaintiffs, caused by Defendant's infringing activities and other conduct complained of herein;

    d.    That Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

    e.    That this Court declare this an exceptional case and award Plaintiffs reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    f.    That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 14, 2014

Respectfully submitted,

By: /s/ *Hao Ni*

Hao Ni  
Texas Bar No. 24047205  
hni@nilawfirm.com  
Timothy T. Wang  
Texas Bar No. 24067927  
twang@nilawfirm.com  
Neal G. Massand  
Texas Bar No. 24039038  
Stevenson Moore V  
Texas Bar No. 24076573  
smoore@nilawfirm.com

**Ni, Wang & Associates, PLLC**  
8140 Walnut Hill Ln., Ste. 310  
Dallas, TX 75231  
Telephone: 972.331.4600  
Fax: 972.314.0900

**ATTORNEYS FOR PLAINTIFFS CONCINNITAS LLC AND GEORGE W. HINDMAN**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile, and/or first class mail on this date

                                              /s/ *Hao Ni*
                                              Hao Ni